IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dwight E. Moss, #76847-004, | ) | C/A No. 8:16-416-PMD-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| B.J. Meeks, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Dwight E. Moss ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  Petitioner is a federal prisoner incarcerated at FCI Williamsburg in Salters, South Carolina.  He contends that a jury convicted him of several counts including one count of felon in possession of a firearm; however, because he is actually and factually innocent of that crime, that count should be vacated.  The Petition should be summarily dismissed.

## BACKGROUND

Petitioner alleges the following related to his case history.  In the United States District Court for the Southern District of Florida, in 2006, he was indicted on charges of felon in possession of a firearm, trafficking and using one or more unauthorized access devices, effecting transactions with access issued to another person, and aggravated identity theft in violation of the United States Code of Laws. [Doc. 1-1.] His trial commenced on January 16, 2007, and he was sentenced on April 12, 2007, to 222 months imprisonment. [*Id.*] He filed a direct appeal, and the United States Court of Appeals for the Eleventh Circuit affirmed his conviction on April 14, 2008. [*Id.*]

On October 28, 2008, Petitioner unsuccessfully filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court. [*Id.*] He filed a second motion pursuant to § 2255, and the court denied it. [*Id.*] He also unsuccessfully filed a motion pursuant to 28 U.S.C. § 2241 in the Western District of Florida. [*Id.*] He has unsuccessfully filed several requests with the United States Court of Appeals for the Eleventh Circuit seeking permission to file a second § 2255 action in 2010, 2012, 2013, and 2014. [*Id.*]

With respect to the facts of this case, Petitioner alleges the following.  At the trial, his attorney and the prosecutor stipulated that the firearm was manufactured outside of Florida and that the firearm traveled across the state boundary and moved in interstate commerce. [*Id.*] However, the cd provided in discovery before trial by the prosecutor had a technical problem, and the cd could not be reviewed by any standard computer. [*Id.*] Petitioner did not view that cd prior to trial, and he went through the direct appeal and filed a § 2255 action without knowing the contents of that cd. [*Id.*] He seems to allege that three years later Petitioner finally saw the contents of the cd; it contained pictures of the firearm that showed the manufacture inscription was Excam Company, Hialeah, Florida.[1] [*Id.*] The firearm that he was convicted of possessing was manufactured in Florida and had never left Florida. [Doc. 1.]

Petitioner contends that because the firearm was manufactured in Florida, then it never left the state as it was found in his wife's dresser drawer. [Doc. 1-1.] Thus, he is actually and factually innocent of being a felon in possession of a firearm that traveled

---

[1]This Court cannot determine the precise alleged date that Petitioner first viewed the cd that had the information about the firearm manufacturer.  However, his legal brief asserts "three year(s) later." [Doc. 1-1 at 6.]

through interstate commerce pursuant to 18 U.S.C. § 922(g). [*Id.*] He alleges the government through lies and deceit misled the jury about this fact; otherwise, the government could not have proved that the firearm traveled in interstate or foreign commerce. [*Id.*]

Relying on *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), Petitioner argues that his case falls within the actual innocence gateway to federal habeas review such that this action should be considered by this Court on the merits. [*Id.*] He contends that his conviction of felon in possession of a firearm is a miscarriage of justice because no reasonable juror would have convicted him if he or she had known the evidence of where the firearm was manufactured. [*Id.*]

Moreover, Petitioner alleges that the government did not prove that he had constructive possession of the firearm. [*Id.*] He alleges the firearm was found in a drawer that was not in Petitioner's control, but the judge gave his son a leading question to establish constructive possession. [*Id.*]

Petitioner requests that this Court vacate or reverse the count of felon in possession of a firearm. [*Id.*]

This Court takes judicial notice that Petitioner filed a motion for clarification with the sentencing court—wherein he raised the argument that a newly seen photograph in the discovery materials showed the firearm was manufactured in Florida—in order to attempt to vacate the firearm possession count.[2]  *See Moss v. United States*, Case No. 08-22997-CIV-UNGARO (S.D.Fla. March 25, 2011), ECF No. 73.  The sentencing court granted the

---

[2]Petitioner attached part of the sentencing court's order as an exhibit. [Doc. 1-2.]

motion for clarification such that it ruled on Petitioner's claim and denied it; the court found that "Petitioner's bare claim about the place the firearm was manufactured does not entitle him to relief from the judgment." *Id*. The sentencing court explained that "[e]ven were the firearm manufactured in Florida, the requisite interstate nexus could, nonetheless, be satisfied by a showing that the firearm was shipped or transported at any time in interstate or foreign commerce." *Id*.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

4

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5; *see also Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *1 (D.S.C. May 11, 2006) (A § 2241 petition generally challenges the execution or implementation of a federal prisoner's sentence, such as "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807.[3]

---

[3] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

In this case, because Petitioner seeks to vacate his conviction and sentence related to felon in possession of a firearm, he cannot proceed in this Court unless the savings clause is satisfied. Here, the Supreme Court's decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), apparently was decided after Petitioner's direct appeal and first § 2255 motion were decided. However, this Court cannot discern how *McQuiggin* helps Petitioner's case. In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id*. The Supreme Court stated that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits. . . ." *Id*.

By filing a Rule 60(B) motion and later a motion for clarification in the sentencing court, Petitioner has litigated on the merits his felon in possession of a firearm claim with respect to his contention that he is factually innocent of the element of the firearm traveling in interstate or foreign commerce. It appears that by order on motion for clarification filed March 25, 2011, the sentencing court rejected this claim. And, Petitioner's reliance on

6

*McQuiggin* does not help him come into this Court via a § 2241 action because that decision did not change the substantive law pertaining to Petitioner's conviction such that the conduct of which Petitioner was convicted is now deemed not to be criminal. Accordingly, because Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, the instant Petition is subject to summary dismissal.[4]

Additionally, because Petitioner seeks to rely on newly discovered evidence that he contends would establish that no reasonable factfinder would have found him guilty of felon in possession of a firearm, he must request permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion to vacate with the sentencing court. *See* 28 U.S.C. § 2255(h)(1). The fact that Petitioner may have filed such a request—and he alleges he has done so four times—and the Court of Appeals denied it, does not render § 2255 an inadequate or ineffective remedy. *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

## RECOMMENDATION

It is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

April 18, 2016                           S/Jacquelyn D. Austin
Greenville, South Carolina               United States Magistrate Judge

---

[4]With respect to Petitioner's argument about constructive possession of the firearm, he clearly is not claiming that the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal. Instead, he seems to argue about the facts of the case and that the government failed to prove that he possessed the firearm. Therefore, this argument does not satisfy the savings clause.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).